# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

### Case No.: 19-CR-80073-ROSENBERG/REINHART

**UNITED STATES OF AMERICA,**

**vs.**

**T. JONATHAN TURNER,**
        **a/k/a Jon Barri Brothers,**
**NORMAN M. STRELL, and**
**SCOTT P. STROCHAK,**

                **Defendants.**
                                                                /

## UNITED STATES' UNOPPOSED MOTION FOR A PROTECTIVE ORDER REGULATING DISCLOSURE OF DISCOVERY AND SENSITIVE INFORMATION

The United States of America, by and through the undersigned Assistant United States Attorney, pursuant to Rule 16(d)(1) of the Federal Rules of Criminal Procedure, respectfully moves for a Protective Order for appropriate protections against dissemination of the discovery materials and the sensitive information contained therein, which will be disclosed in the above-captioned matter. This sensitive information includes records containing personal information of the defendants and third parties, including the fraud victims, such as social security numbers, birth dates, addresses, bank routing and account numbers, credit card account numbers, and other personal information. The Government seeks protections that will not impede the defendants' ability to prepare for their defense, but simply will protect against the improper dissemination or use of the sensitive information. The United States respectfully submits that the equities favor this Court placing reasonable limitations

1

on the way the defense may use the sensitive information in the discovery materials.

## INTRODUCTION & RELIEF SOUGHT

This case involves allegations that the defendants participated in a bank fraud scheme that involved the use of dozens of account numbers. Given the number of individuals involved in this offense, it is not practical for the Government to redact all sensitive information from the voluminous documents that will be provided to the defense as part of discovery. In an attempt to properly protect this sensitive information belonging to victims and other third parties in the discovery materials, the Government proposes that the following restrictions be placed on that information:

1. Counsel of record for the defendants shall hold the discovery materials in strict confidence, disclosing this information to his client, office staff, investigators, and/or witnesses (including any experts) only to the extent they believe is necessary to assist in the defense of this matter.

2. Counsel of record for the defendants shall advise any person to whom the discovery materials are disclosed, including the defendants, that, pursuant to the attached Protective Order (Exhibit A), the information must be held in strict confidence and the recipient may not make any use of, nor further disclose or disseminate the information.

3. Counsel will not reproduce the digital media which contain the Government's unredacted discovery, and will only disclose information contained thereon as authorized by the attached Protective Order (Exhibit A). If defense counsel wishes to make particular documents available to anyone in paper form, defense counsel shall ensure these documents are redacted to ensure that any and all sensitive information is not susceptible to misuse or abuse.

2

4.   The proposed Protective Order (Exhibit A) is reasonable and properly balances the defendants' ability to prepare for his defense with protecting against the improper dissemination or use of sensitive information. Therefore, the United States is requesting that the Court enter the attached Protective Order (Exhibit A).

## ANALYSIS AND MEMORANDUM OF LAW

A trial court "can and should, where appropriate, place the defendant and his counsel under enforceable orders against unwarranted disclosure of the material which they may be entitled to inspect." *Alderman v. United States*, 394 U.S. 165, 185 (1969). In fact, Federal Rule of Criminal Procedure 16(d)(1) permits a court to deny, restrict, or defer pre-trial discovery when a party can demonstrate the need for these types of actions. *See* FED. R. CRIM. P. 16(d)(1). The government does not seek to delay, deny, or restrict the disclosure of information which Rule 16 or the Standing Discovery Order requires. *See, e.g., United States v. Fischel*, 686 F.2d1082, 1090 (5th Cir. 1982) ("[d]iscovery in criminal cases is narrowly limited [and] makes no provision for the production of the names and addresses of witnesses").  Instead, the Government only seeks to facilitate discovery, while protecting against the improper disclosure or use of any individual's identification or other sensitive information.  The proposed Protective Order, attached as Exhibit A, would have no effect on the defendants' ability to prepare his defense and would properly protect the personal identification information of third parties and the defendants.

"Discovery, whether civil or criminal, is essentially a private process because the litigants and the courts assume that the sole purpose of discovery is to assist trial preparation. That is why parties regularly agree, and courts often order, that discovery information will remain private."  *United States v. Anderson*, 799 F.2d 1438, 1441 (11th Cir. 1986). It is entirely appropriate for any protective order to strictly require

that the purpose of discovery is trial preparation and that sensitive information provided pursuant to the order is to be used only for that purpose. *See United States v. Gangi*, No. 97 CR 1215(DC), 1998 WL 226196 at *4 (S.D.N.Y. May 4, 1998) (ordering that information disclosed under protective order "[s]hall be used only by defendant and their counsel solely for purposes of this action"); *United States v. Salemme*, 978 F. Supp. 386, 390 (D. Mass. 1997) (requiring government to make certain disclosures and ordering that those disclosures be used "solely for the purpose of litigating matters in this case").

The defendants have no objection to this motion for Protective Order. Because the defendants have no objection, the parties do not request a hearing on this motion.

**WHEREFORE**, the United States of America respectfully moves this Court to issue the proposed Protective Order.

Respectfully submitted,

ARIANA FAJARDO ORSHAN
UNITED STATES ATTORNEY

s/LOTHROP MORRIS
By: LOTHROP MORRIS
ASSISTANT U.S. ATTORNEY
Florida Bar # 0095044
500 Australian Avenue, Suite 400
West Palm Beach, FL 33401
(561) 820-8711
(561) 820-8777 (FAX)
LOTHROP.MORRIS@USDOJ.GOV

**Certificate of Service**

    **I HEREBY CERTIFY** that on June 21, 2019, I electronically filed the foregoing with the Clerk of the Court using CM/ECF.

                    S/ LOTHROP MORRIS
                    LOTHROP MORRIS
                    ASSISTANT UNITED STATES ATTORNEY