# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

### Case No.: <u>19-CR-80073-ROSENBERG/REINHART</u>

**UNITED STATES OF AMERICA,**

**vs.**

**SCOTT P. STROCHAK,**

**Defendant.**

_____/

## <u>PLEA AGREEMENT</u>

The United States Attorney's Office for the Southern District of Florida ("this Office") and SCOTT P. STROCHAK, (hereinafter referred to as the "defendant") enter into the following agreement:

1.      The defendant agrees to plead guilty to Count 1, Conspiracy to Commit Wire Fraud, in violation of Title 18, United States Code, Section 1349. The government agrees to seek dismissal of the remaining counts in the indictment as to this defendant, after sentencing.

2.      The defendant is aware that the sentence will be imposed by the Court after considering the advisory Federal Sentencing Guidelines and Policy Statements (hereinafter "Sentencing Guidelines").  The defendant acknowledges and understands that the Court will compute an advisory sentence under the Sentencing Guidelines and that the applicable guidelines will be determined by the Court relying in part on the results of a pre-sentence investigation by the Court's probation office, which investigation will commence after the guilty plea has been entered.  The defendant is also aware that, under certain circumstances, the Court may depart from the advisory sentencing

United States v. Scott Strochak
19-CR-80073-ROSENBERG/REINHART
Plea Agreement

guideline range that it has computed, and may raise or lower that advisory sentence under the Sentencing Guidelines.   The defendant is further aware and understands that the Court is required to consider the advisory guideline range determined under the Sentencing Guidelines, but is not bound to impose a sentence within that advisory range; the Court is permitted to tailor the ultimate sentence in light of other statutory concerns, and such sentence may be either more severe or less severe than the Sentencing Guidelines' advisory range.   Knowing these facts, the defendant understands and acknowledges that the Court has the authority to impose any sentence within and up to the statutory maximum authorized by law for the offenses identified in paragraph 1 and that the defendant may not withdraw the plea solely as a result of the sentence imposed.

3.     The defendant also understands and acknowledges that the Court may impose a statutory maximum term of imprisonment of up to 20 years, followed by a term of supervised release of up to 3 years.   In addition to a term of imprisonment and supervised release, the Court may impose a fine of up to $250,000 or twice the value of the fraud, whichever is greater, and must order restitution.   This Office and the defendant agree that pursuant to Federal Sentencing Guidelines Section 1B1.3 (relevant conduct) the loss that can be proven by a preponderance of the evidence in this case is not to exceed $4,000,000, and that the restitution due and owing to the Defendant's victims, is $2,541,266.35.

4.     The defendant further understands and acknowledges that, in addition to any sentence imposed under paragraph 3 of this agreement, a special assessment in the amount of $100 will be imposed on the defendant.   The defendant agrees that any special assessment imposed shall be paid at the time of sentencing.   If a defendant is financially

United States v. Scott Strochak
19-CR-80073-ROSENBERG/REINHART
Plea Agreement

unable to pay the special assessment, the defendant agrees to present evidence to this Office and the Court at the time of sentencing as to the reasons for the defendant's failure to pay.

5.    This Office reserves the right to inform the Court and the probation office of all facts pertinent to the sentencing process, including all relevant information concerning the offenses committed, whether charged or not, as well as concerning the defendant and the defendant's background.   Subject only to the express terms of any agreed-upon sentencing recommendations contained in this agreement, this Office further reserves the right to make any recommendation as to the quality and quantity of punishment.

6.    This Office agrees that it will recommend at sentencing that the Court reduce by two levels the sentencing guideline level applicable to the defendant's offense, pursuant to Section 3E1.1(a) of the Sentencing Guidelines, based upon the defendant's recognition and affirmative and timely acceptance of personal responsibility. If at the time of sentencing the defendant's offense level is determined to be 16 or greater, this Office will file a motion requesting an additional one level decrease pursuant to Section 3E1.1(b) of the Sentencing Guidelines, stating that the defendant has assisted authorities in the investigation or prosecution of the defendant's own misconduct by timely notifying authorities of the defendant's intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the government and the Court to allocate their resources efficiently.   This Office further agrees to recommend that the defendant be sentenced at the low end of the guideline range, as that range is determined by the Court.   This Office, however, will not be required to make this motion and this recommendation if the defendant: (1) fails or refuses to make a full, accurate and

United States v. Scott Strochak
19-CR-80073-ROSENBERG/REINHART
Plea Agreement

complete disclosure to the probation office of the circumstances surrounding the relevant offense conduct; (2) is found to have misrepresented facts to the government prior to entering into this plea agreement; or (3) commits any misconduct after entering into this plea agreement, including but not limited to committing a state or federal offense, violating any term of release, or making false statements or misrepresentations to any governmental entity or official.

7.      The defendant is aware that the sentence has not yet been determined by the Court.  The defendant also is aware that any estimate of the probable sentencing range or sentence that the defendant may receive, whether that estimate comes from the defendant's attorney, this Office, or the probation office, is a prediction, not a promise, and is not binding on this Office, the probation office or the Court. The defendant understands further that any recommendation that this Office makes to the Court as to sentencing, whether pursuant to this agreement or otherwise, is not binding on the Court and the Court may disregard the recommendation in its entirety.  The defendant understands and acknowledges, as previously acknowledged in paragraph 2 above, that the defendant may not withdraw his plea based upon the Court's decision not to accept a sentencing recommendation made by the defendant, this Office, or a recommendation made jointly by the defendant and this Office.

8.   The defendant agrees that he shall cooperate fully with this Office by: (a) providing truthful and complete information and testimony, and producing documents, records and other evidence, when called upon by this Office, whether in interviews, before a grand jury, or at any trial or other Court proceeding; (b) appearing at such grand jury proceedings, hearings, trials, and other judicial proceedings, and at meetings, as may be

4

United States v. Scott Strochak
19-CR-80073-ROSENBERG/REINHART
Plea Agreement

required by this Office; and (c)  if requested by this Office, working in an undercover role

under the supervision of, and in compliance with, law enforcement officers and agents.

In addition, the defendant agrees that he will not protect any person or entity through false

information or omission, that he will not falsely implicate any person or entity, and that he

will not commit any further crimes.

9.    This Office reserves the right to evaluate the nature and extent of the

defendant's cooperation and to make that cooperation, or lack thereof, known to the Court

at the time of sentencing.   If in the sole and unreviewable judgment of this Office the

defendant's cooperation is of such quality and significance to the investigation or

prosecution of other criminal matters as to warrant the Court's downward departure from

the advisory sentencing range calculated under the Sentencing Guidelines and/or any

applicable minimum mandatory sentence, this Office may make a motion prior to

sentencing pursuant to Section 5K1.1 of the Sentencing Guidelines and/or Title 18, United

States Code, Section 3553(e), or subsequent to sentencing pursuant to Rule 35 of the

Federal Rules of Criminal Procedure, informing the Court that the defendant has provided

substantial assistance and recommending that the defendant's sentence be reduced.

The defendant understands and agrees, however, that nothing in this agreement requires

this Office to file any such motions, and that this Office's assessment of the quality and

significance of the defendant's cooperation shall be binding as it relates to the

appropriateness of this Office's filing or non-filing of a motion to reduce sentence.

10.    The defendant understands and acknowledges that the Court is under no

obligation to grant a motion for reduction of sentence filed by the government.   In addition,

United States v. Scott Strochak
19-CR-80073-ROSENBERG/REINHART
Plea Agreement

the defendant further understands and acknowledges that the Court is under no obligation

of any type to reduce the defendant's sentence because of the defendant's cooperation.

FORFEITURE

11.     The defendant agrees, in an individual and any other capacity, to forfeit to

the United States, voluntarily and immediately, all rights, title, and interest to any property,

real or personal, which constitutes or is derived from proceeds traceable to the violation

to which the defendant is pleading guilty, pursuant to 18 U.S.C. § 981(a)(1)(C).   In

addition, the defendant agrees to forfeiture of substitute property pursuant to 21 U.S.C. §

853(p).  The property subject to forfeiture includes, but is not limited to a forfeiture money

judgment in the sum of $2,541,266.35 in United States currency, which sum represents

the value of the property subject to forfeiture.

12.     The defendant further agrees that forfeiture is independent of any

assessment, fine, cost, restitution, or penalty that may be imposed by the Court. The

defendant knowingly and voluntarily agrees to waive all constitutional, legal, and equitable

defenses to the forfeiture, including excessive fines under the Eighth Amendment to the

United States Constitution. In addition, the defendant agrees to waive:  any applicable

time limits for administrative or judicial forfeiture proceedings, the requirements of Fed.

R. Crim. P. 32.2 and 43(a), and any appeal of the forfeiture.

13.     The defendant also agrees to fully and truthfully disclose the existence,

nature and location of all assets in which the defendant has or had any direct or indirect

financial interest or control, and any assets involved in the offense of conviction.  The

defendant also agrees to take all steps requested by the United States for the recovery

and forfeiture of all assets identified by the United States as subject to forfeiture.  This

includes, but is not limited to, the timely delivery upon request of all necessary and appropriate documentation to deliver good and marketable title, consenting to all orders of forfeiture, and not contesting or impeding in any way with any criminal, civil or administrative forfeiture proceeding concerning the forfeiture.

14.    In furtherance of the satisfaction of a forfeiture money judgment entered by the Court in this case, the defendant agrees to the following:

    a.    submit a financial statement to this Office upon request, within 14 calendar days from the request;

    b.    maintain all assets valued in excess of $10,000, and not sell, hide, waste, encumber, destroy, or otherwise devalue such assets without prior approval of the United States;

    c.    provide information about any transfer of assets valued in excess of $10,000 since the commencement of the offense conduct in this case to date;

    d.    cooperate fully in the investigation and the identification of assets, including liquidating assets, meeting with representatives of the United States, and providing any documentation requested;

    e.    notify, within 30 days, the Clerk of the Court for the Southern District of Florida and this Office of: (i) any change of name, residence, or mailing address, and (ii) any material change in economic circumstances.

United States v. Scott Strochak
19-CR-80073-ROSENBERG/REINHART
Plea Agreement

15.    The defendant further understands that providing false or incomplete information about assets, concealing assets, making materially false statements or representations, or making or using false writings or documents pertaining to assets, taking any action that would impede the forfeiture of assets, or failing to cooperate fully in the investigation and identification of assets may be used as a basis for: (i) separate prosecution, including, under 18 U.S.C. § 1001; or (ii) recommendation of a denial of a reduction for acceptance of responsibility pursuant to the United States Sentencing Guidelines § 3E1.1.

16.  This is the entire agreement and understanding between the United States and the defendant.    There are no other agreements, promises, representations, or understandings.

ARIANA FAJARDO ORSHAN
UNITED STATES ATTORNEY

Date: 8/16/19                By: _____
                                      LOTHROP MORRIS
                                      ASSISTANT UNITED STATES ATTORNEY

Date: 8/16/19                By: _____
                                      BRIAN BIEBER
                                      ATTORNEY FOR DEFENDANT

Date: 8/16/19                By: _____
                                      SCOTT P. STROCHAK
                                      DEFENDANT

8